**Affirmed in Part, Reversed and Remanded in Part, and Opinion Filed August 22, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-01150-CV**
_____

**LAURA ELIZABETH OSTTEEN, Appellant**
**V.**
**JAMES ALLEN HOLMES, SR., Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-14702**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

Appellant Laura Ostteen appeals from the trial court's denial of her motion to dismiss Appellee James Holmes, Sr.'s claims under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. In four issues, Ostteen asserts: (1) the trial court abused its discretion in sustaining Holmes's objections to her declarations and striking Ostteen's reply and supplemental declaration; (2) the trial court erred in denying the motion to dismiss; (3) the trial court erred in concluding Ostteen's motion to dismiss was frivolous and filed solely for purposes of delay; and (4) the trial court erred in awarding Holmes attorney's

fees and costs. We reverse the attorney's fees award due to insufficient evidence and remand for a redetermination of those fees. We otherwise affirm the trial court's judgment.

## BACKGROUND

### I. Factual Background

Holmes purchased a vacant lot at 4932 Reiger Avenue in Dallas on August 2, 2023. The lot sits in a heavily-trafficked area of East Dallas and is open on three sides to Reiger Avenue, Barry Avenue, and Elm Alley. Because of significant pedestrian and car traffic in the area, the lot has a history of accumulating trash, debris, and human waste, particularly when not fenced. Prior to Holmes's purchase, the City of Dallas had periodically imposed code violations against the property related to trash, debris, and excessive vegetation. Shortly after his purchase of the property, Holmes conferred with the city on ways to improve the lot, remove concerns, and avoid citations. Holmes learned from the city that the overgrown vegetation (trees and brush) created shade and shelter used by vagrants to rest and sometimes engage in drug use. Following the city's advice, Holmes began sending work crews to cut the vegetation and to remove debris and trash in August 2023. Holmes scheduled tree and shrub removal to take place on September 6, 2023. On August 26-27th, Holmes also had workers install a fence on the same footprint of a prior fence.

During the August lawn care and fence installation, the workers reported people would sometimes make derogatory comments or gestures toward the workers. One of these people was later identified as Ostteen. Sometime in late August or early September—a few days before scheduled tree removal work was to take place—Ostteen approached Holmes's agent who was on the property surveying the upcoming tree work. According to Holmes, Ostteen confronted the agent in a hostile manner.

The tree-removal service began work the morning of September 6, 2023. The workers cut down three small hackberry trees and were tasked with trimming up several large trees at the back of the lot. Sometime after the work commenced, Ostteen confronted the tree-removal service and Holmes's agent. According to Holmes, Ostteen trespassed on the property while confronting them, stomping around the lot, touching the trees and fence, all while screaming and cursing. Ostteen claimed she confronted Holmes's workers after she caught them "illegally removing protected trees from the city's right of way," and asked to see a permit. "Fearing for [her] safety," Ostteen called the police and also contacted City of Dallas arborists regarding the alleged illegal tree removal. Police arrived, as did city arborists, who apparently took some measurements of the trees. The confrontation de-escalated and no action was taken by the police or arborists. Ostteen later posted photographs of the incident on social media.

After the September 6th events, Holmes learned of Ostteen's identity and her nearby residence at 4926 Reiger Avenue. Holmes learned that during August 2023, Ostteen had frequently trespassed on the lot at 4932 Reiger Avenue. Ostteen posted online pictures of herself walking and dancing on the property, sometimes in the nude, and sometimes holding a human skull replica. Holmes also discovered online posts in which Ostteen complains of the ongoing changes to the property. According to Holmes, Ostteen maligns him as greedy and violent and refers to him as an "avaricious, rapist developer[.]"

## II. Procedural History

Holmes subsequently filed suit against Ostteen. His original petition described Ostteen's behavior related to 4932 Reiger Avenue, including the events of September 6th. Holmes brought claims for trespass, public and private nuisance, and business disparagement. Holmes asserted Ostteen's trespassory and tortious behavior had discouraged his contractors from working on the lot and made it difficult for him to find replacement workers. Holmes asserted he and his employee had to continue the clean-up and lawn work themselves at additional cost. Holmes sought actual damages and injunctive relief.

Ostteen answered, generally denying Holmes's allegations, and moved to dismiss under the TCPA. Ostteen suggested Holmes's suit was in response to her exercise of the right of free speech, right of association, and right to petition on a matter of public concern—the illegal removal of public trees. Ostteen's motion to

dismiss was not accompanied by any legal authority or substantive analysis regarding application of the TCPA.

Holmes amended his petition twice, removing his public nuisance claims and some of the references to the events of September 6th. Holmes also contended he was not seeking to hold Ostteen liable specifically for the events of September 6th, but for her trespassing, fostering a private nuisance, and business disparagement activities.

Ostteen later filed a declaration in support of her motion to dismiss. Therein, Ostteen describes the events leading up to September 6th. She claimed that, worried about development of the lot and tree removal, she contacted City of Dallas arborists. Ostteen claimed she was told the trees were protected and their removal would require a permit. Ostteen admitted walking across the property but asserted she did no damage. Holmes filed objections to Ostteen's declaration.

The hearing on Ostteen's motion to dismiss was set for November 1, 2023. Holmes filed his response to the motion to dismiss seven days prior to the hearing. Holmes attached an affidavit in support of his response and suit. Just after 11:00 p.m. on October 31st, approximately fourteen hours before the hearing, Ostteen filed a reply to Holmes's response, largely containing objections to Holmes's affidavit but providing little substantive analysis of the TCPA or Holmes's response. Ostteen attached a supplemental declaration to this reply in which she challenged Holmes's personal knowledge to support his affidavit.

At the November 1st hearing, Holmes objected to Ostteen's reply as untimely, in part because it violated Dallas County Local Rule 2.09, which requires reply briefs be filed at least three days before the hearing. After the hearing, the trial court signed an order denying Ostteen's motion to dismiss. The court found Ostteen's motion was frivolous and filed solely for purposes of delay, and awarded Holmes $17,768.73 in attorney's fees, plus costs. The court signed a separate order sustaining most of Holmes's objections to Ostteen's declaration and striking Ostteen's reply and its attachments as untimely. Ostteen appealed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) (permitting interlocutory appeal of an order denying a TCPA motion to dismiss).

## STANDARD OF REVIEW

We review de novo a trial court's ruling on a TCPA motion to dismiss. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). In doing so, we consider the pleadings and supporting and opposing affidavits in the light most favorable to the non-movant. *Id.* Whether the TCPA applies to a non-movant's claims is an issue of statutory interpretation that we also review de novo. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).

## ANALYSIS

In four issues, Ostteen asserts: (1) the trial court abused its discretion in sustaining Holmes's objections to her declarations and reply; (2) the trial court erred in denying the motion to dismiss; (3) the trial court erred in concluding Ostteen's

motion to dismiss was frivolous and filed solely for purposes of delay; and (4) the trial court erred in awarding Holmes attorney's fees and costs. We address these issues in turn.

## I.  Evidentiary Rulings

We first address Ostteen's arguments the trial court abused its discretion in sustaining Holmes's objections to Ostteen's initial declaration, striking Ostteen's reply and objections to Holmes's evidence, and striking Ostteen's supplemental declaration.

We begin by recognizing evidentiary rulings are committed to the sound discretion of the trial court, and we will not disturb those rulings on appeal in the absence of an abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *Id.* An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.*

### A.  TCPA evidentiary standards

Ostteen first contends the trial court's rulings on her initial declaration were erroneous and an abuse of discretion because the TCPA does not contemplate application of the ordinary rules of evidence. Osteen relies on *Equine Holdings, LLC v. Jacoby*, No. 05-19-00758-CV, 2020 WL 2079183, at *4 (Tex. App.—Dallas Apr. 30, 2020, pet. denied) (mem. op.) to assert the summary judgment affidavit standards do not apply to TCPA cases. However, we need not decide the applicability or

breadth of *Equine Holdings* here because Ostteen did not make this complaint in the trial court.

In neither her briefing nor the hearing on the motion did Ostteen argue the court should not apply summary judgment evidentiary standards to affidavits submitted in a TCPA proceeding. Instead, both parties made hearsay objections to the other's affidavits. Ostteen herself made objections to Holmes's affidavit based on hearsay, relevance, personal knowledge, and competence. Only now at this court does Ostteen assert such objections are improper. Ostteen's failure to raise these complaints at the trial court preserves nothing for review. *See Ellis v. Renaissance on Turtle Creek Condo. Ass'n, Inc.*, 426 S.W.3d 843, 854 (Tex. App.—Dallas 2014, pet. denied) (party's failure to raise applicability of statutory presumption in the trial court presented nothing for review on appeal); TEX. R. APP. P. 33.1 (requiring a timely request, objection, or motion that states the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint to preserve error for appeal). And, we will not assign error to the trial court after the parties invited the court to apply these standards. *See generally Naguib v. Naguib*, 137 S.W.3d 367, 375 (Tex. App.—Dallas 2004, pet. denied) (parties cannot invite trial court to do something then complain on appeal the trial court committed error in accordance with that request).

Accordingly, we determine no abuse of discretion by the trial court in applying the evidentiary standards asserted by the parties and common to summary judgment practice.

## B.     Court's rulings on Holmes's objections

Ostteen contends the trial court erred in sustaining Holmes's objections to several statements in Ostteen's initial declaration. We disagree.

Holmes objected to several of Ostteen's statements as hearsay, speculative, and irrelevant. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is generally not admissible. TEX. R. EVID. 801(d), 802. A statement is speculative if it is based on guesswork or conjecture and lacking in supporting facts. *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 156 n.5 (Tex. 2012). Speculative testimony has no probative value. *See Coastal Transport Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004). Irrelevant evidence is not admissible. TEX. R. EVID. 402.

Holmes first objected as hearsay to Ostteen's statement about her alleged conversation with a City of Dallas arborist, and his purported assertions the trees at issue were protected and removal would require a permit. Holmes then objected as hearsay to Ostteen's statement that city personnel arrived and informed contractors the tree removal was illegal and could subject the property owner to fines based on the size of the trees removed. Holmes further objected as speculative and irrelevant Ostteen's statements her September 6th actions were in furtherance of an

–9–

administrative proceeding to stop violation of the law and any difficulty Holmes had in finding workings was because Holmes was known to ask them to violate the law.

At the trial court, Ostteen made no argument to counter Holmes's objections, though she now asserts the statements were material to her state of mind, relevant, and not speculative. However, we will not assign error based on arguments not presented to the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170 (Tex. App.—Dallas 2009, no pet.) ("a party's argument on appeal must comport with its argument in the trial court").[1]

Even considering Ostteen's arguments, we conclude the trial court did not abuse its discretion in sustaining the objections. Ostteen's statements about what the city personnel told her regarding the trees, the need for a permit, the alleged illegal tree removal and its consequences were all hearsay. And, Ostteen's statements her actions were in furtherance of an administrative proceeding to stop Holmes's violation of the law and her opinions about Holmes's inability to find workers were speculative (and conclusory). Ostteen provided no facts to support these statements and as Ostteen concedes in her brief, whether she invoked an administrative proceeding is a legal conclusion. The trial court did not abuse its discretion in sustaining Holmes's objections to Ostteen's initial declaration.

---

[1] We note that in the summary judgment context, when a party fails to object to the trial court's ruling sustaining an objection to her summary judgment evidence, she has not preserved the right to complain on appeal about the trial court's ruling. *Beinar v. Deegan*, 432 S.W.3d 398, 402 (Tex. App.—Dallas 2014, no pet.).

## C.     Timeliness of reply and supplemental declaration

Ostteen contends the trial court abused its discretion in sustaining Holmes's objection to her supplemental declaration and striking her reply, which contained Ostteen's objections to Holmes's declaration. We disagree.

Ostteen's TCPA motion to dismiss was set for a November 1, 2023 hearing. Holmes filed his response to the motion to dismiss on October 24, 2023, along with objections to Ostteen's initial declaration. Ostteen filed a reply brief on October 31st, approximately fourteen hours before the hearing. Ostteen attached her supplemental declaration to her reply. At the hearing, Holmes objected to the reply and the supplemental declaration, asserting they were untimely based in part on Dallas County Local Rule 2.09. The trial court later sustained Holmes's timeliness objection and struck Ostteen's reply and attachments, relying in part on Local Rule 2.09.

Rule 2.09 provides, in relevant part:

Except in case of emergency, briefs, responses and *replies* relating to a motion (other than for summary judgment) set for hearing *must be served and filed* with the Clerk of the Court *no later than three working days before the scheduled hearing*. Briefs in support of a motion for summary judgment must be filed and served with that motion; briefs in opposition to a motion for summary judgment must be filed and served at or before the time the response is due; reply briefs in support of a motion for summary judgment must be filed and served no less than three days before the hearing. *Briefs not filed and served in accordance with this paragraph likely will not be considered.* Any brief that is ten or more pages long must begin with a summary of argument.

Local Rule 2.09 grants the trial court discretion whether to consider late-filed briefs. *See Diaz v. D.R. Wright Enterprises, Inc.*, No. 05-17-00172-CV, 2018 WL 3484227, at *3 (Tex. App.—Dallas July 19, 2018, no pet.) (mem. op.) (summary judgment); *Morales v. Barnes*, No. 05-17-00316-CV, 2017 WL 6759190, at *5 (Tex. App.—Dallas Dec. 29, 2017, no pet.) (mem. op.). Such discretion is consistent with the wide discretion given trial courts in managing their docket. *Diaz*, 2018 WL 3484227, at *3; *Morales*, 2017 WL 6759190, at *5 (trial court's questions at hearing indicated her inclination to exercise discretion to rely on Local Rule 2.09 to not consider documents filed less than three days before TCPA dismissal hearing). Given the trial court's broad discretion under Rule 2.09 and its authority to manage its docket, we conclude the trial court did not abuse its discretion in striking Ostteen's reply or her attached supplemental declaration filed the night before the hearing on the motion to dismiss. *See Morales*, 2017 WL 6759190, at *5.

Ostteen asserts the consequence in Rule 2.09 for failure to timely a brief—that the trial court might not consider it—does not apply to a "reply." We reject Ostteen's semantic argument, as the rule expressly commands "replies" must be filed three days before the hearing. Without the consequence, the rule would be meaningless for all filings. We also reject Ostteen's argument Rule 2.09 somehow conflicts with Section 27.006(a) of the Civil Practice and Remedies Code's directive the court "shall" consider the pleadings, evidence, and affidavits. Under Ostteen's reading, the trial court would be required to consider any filing, no matter how late.

–12–

This would directly contravene the trial court's discretion to manage its docket and the prompt disposition of TCPA motions required by the statute. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(a) (requiring ruling on TCPA motion within thirty days of the hearing). Instead, Local Rule 2.09 fosters the timely consideration and ruling on TCPA motions to dismiss.

Accordingly, the trial court did not abuse its discretion in striking Ostteen's untimely reply brief or the attached supplemental declaration. *See Diaz*, 2018 WL 3484227, at *3; *Morales*, 2017 WL 6759190, at *5; *see also Garcia v. Semler*, 663 S.W.3d 270, 276-78 (Tex. App.—Dallas 2022, no pet.) (applying summary judgment practice to TCPA motions to dismiss).

### D. Conclusion regarding court's evidentiary rulings

We conclude the trial court did not abuse its discretion in applying the evidentiary standards asserted by the parties, in sustaining Holmes's objections to Ostteen's declaration, or in striking Ostteen's reply and its attachments. Accordingly, we overrule Ostteen's first issue.

## II. Trial Court Did Not Err in Denying Ostteen's Motion to Dismiss

In her second issue, Ostteen contends the trial court erred in denying her motion to dismiss under the TCPA. We disagree.

### A. TCPA procedures

The TCPA was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for

injuries the defendant caused. *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021) (citing TEX. CIV. PRAC. & REM. CODE § 27.002). To accomplish this objective, the TCPA provides a three-step process for the dismissal of a "legal action" to which it applies. *Id.* at 296. First, the defendant must demonstrate the "legal action" is "based on or is in response to" the defendant's exercise of the right of association, right of free speech, or right to petition. *Id.* (citing TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), .005(b)). Second, if the defendant meets that burden, the claimant may avoid dismissal by establishing "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 27.005(c)). Finally, if the claimant meets that burden, the court still must dismiss the "legal action" if the defendant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 27.005(d)).

In analyzing whether the TCPA applies to a claim, we start by determining the basis of the legal action as set forth in the plaintiff's pleadings, which are the "best and all-sufficient evidence of the nature of the action." *Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, at *2 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.) (citations omitted). We view the pleadings in the light most favorable to the nonmovant and favor the conclusion that the claims are not predicated on protected expression. *Wells v. Crowell*, No. 05-20-01042-CV, 2021 WL 5998002, at *3 (Tex. App.—Dallas Dec. 20, 2021, no pet.) (mem. op.). "The

–14–

basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Id.* (quoting *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)). We do not "blindly accept" attempts by the movant to characterize the claims as implicating protected expression. *Damonte v. Hallmark Fin. Servs., Inc.*, No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.).

## B. Step one analysis

To obtain dismissal under the TCPA, the movant has the threshold burden to establish the statute applies to the claims against her. *See* TEX. CIV. PRAC. & REM. CODE §§ 23.003(a); 27.005(b). As relevant here, this initial burden is met if Ostteen demonstrates the legal action is based on or in response to her exercise of the right of free speech, the right to petition, or right of association. *See id*. §§ 27.005(b)(1). We first address the right of free speech.

### 1) Right of free speech

The TCPA defines "[e]xercise of the right of free speech" as "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(3). "Matter of public concern" is defined, in relevant part, as a statement or activity regarding "a matter of political, social, or other interest to the community; or a subject of concern to the public." *Id.* § 27.001(7)(B)-(C). Ostteen contends Holmes's suit implicates her right to free speech because the

removal of trees on the property constitutes a "matter of public concern." We disagree.

Holmes's various petitions describe his attempts to clean up the lot at 4932 Reiger Ave, including the removal of three to five small hackberry trees on the lot. Nothing in his petitions indicate these trees were located on public property. And in his affidavit in response to Ostteen's motion to dismiss, Holmes described he had learned from city code compliance that no permit was required to remove the trees.

Ostteen relies on *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) to support her assertion the tree removal involves a "matter of public concern." In *Adams*, the supreme court ruled the removal of trees from an HOA's common area involved a "matter of public concern." *Id.* We find *Adams* distinguishable for several reasons. First, *Adams* involved the pre-2019 version of the statute. *Id.* That version of the statute defined "matter of public concern" to include "an issue related to…environmental, economic, or community well-being…the government…or…a good, product, or service in the marketplace." *Id.* (citing former TEX. CIV. PRAC. & REM. CODE § 27.001(7)(B)). The court concluded the defendant's statements the developer cut down huge areas of trees on land open to the public in violation of city ordinances were matters of public concern under the statute. *Id.*

However, the legislature amended and narrowed the scope of "matter of public concern" in 2019. *Beard v. McGregor Bancshares, Inc.*, No. 05-21-00478-CV, 2022

WL 1076176, at *5 (Tex. App.—Dallas Apr. 11, 2022, pet. denied) (mem. op.) (citing *Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, at *3 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.)). The legislature deleted the "environmental, economic, or community well-being" and "government" language from the definition. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(7).

Furthermore, *Adams* involved a large common area open to the public. While Ostteen attempts to analogize Holmes's case, we do not find it comparable. There is little to indicate the trees at issue are on public property or common areas open to the public. In various places in his petitions, Holmes describes the trees as being "on the lot." Nothing in the petitions or evidence suggests Ostteen or any other person besides Holmes has any ownership, possessory, or access rights to the lot.

In her declaration and briefing here, Ostteen contended the trees "belong to the city" or were located in "the city's right-of-way," and thus their removal is a matter of public concern. The pleadings and evidence do not establish the trees belong to the City of Dallas. Nothing in Holmes's petitions support this conclusion. Further, the portions of Ostteen's declaration remaining after the trial court sustained Holmes's objections do not support the trees were city property. And, we find any statements by Ostteen in her declaration that the trees "belong to the city," were located on the city's right of way, or that their removal was "illegal" to be conclusory and of no legal weight. *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136

S.W.3d 227, 232 (Tex. 2004) (conclusory opinion testimony is incompetent, irrelevant, and cannot support a judgment, even when no objection was made).

Furthermore, even assuming the trees were on a "right of way," that term has different meanings. *See Texas Elec. Ry. Co. v. Neale*, 151 Tex. 526, 531, 252 S.W.2d 451, 454 (1952) (citations omitted). It sometimes is used to describe a right belonging to a party, a right of passage over any tract, and it is also used to describe that strip of land which companies (like railroads) take upon which to construct their road-bed. *Id.* "Right of way" in Black's Law Dictionary means the "right to build and operate a railway line or a highway on land belonging to another, or the land so used." *Singer v. First Baptist Church, Carrollton, Texas*, No. 2-05-361-CV, 2006 WL 1920346, at *4 (Tex. App.—Fort Worth July 13, 2006, no pet.) (mem. op.) (quoting BLACK'S LAW DICTIONARY 1351 (8th ed. 2004)). Black's Law Dictionary also defines "right of way" as "the right to pass through property by another that may be established by contract, by longstanding usage, or by public authority (as with a highway), or the strip of land subject to a nonowner's right to pass through." *Id.* Even if we accepted Holmes's assertions the trees were located on a city right of way, it does not support the conclusion the public has any right to occupy or possess the area, or that removal of a few trees thereon involves a matter of public concern. Ostteen's self-serving statements the trees reside in the city's right of way do not establish their removal is a matter of public concern.

We are required to read the pleadings in the light most favorable to Holmes, and we do not blindly accept attempts by Ostteen to characterize the claims as implicating protected expression. *See Damonte*, 2019 WL 3059884, at *5. Upon review, Holmes's petitions do not support a conclusion Ostteen's speech involved a matter of public concern. And, Ostteen's evidence does not compel us to reach a different conclusion.[2]

### 2) Right of association

Ostteen also contends Holmes's suit was in response to Ostteen's exercise of the right of association. We disagree.

The TCPA defines "exercise of the right of association" as "to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(2). In her motion to dismiss, Ostteen asserted Holmes's suit was an attempt to prevent her from freely associating with neighbors who are also upset by Holmes's illegal actions, to wit, the alleged "illegal destruction of the public's trees." There, and in her brief here, Ostteen contends these are matters of public concern.

However, as we have discussed above, we conclude Ostteen has not met her burden to show the removal of trees on Holmes's property constitutes a matter of

---

2    In her appellate brief, Ostteen asserts the "illegal erection of a fence" is another matter of public concern in support of her right to free speech and her right of association. However, Ostteen did not raise this ground at trial. She made a single passing reference to alleged code and "historic protections" violations in her factual background of her answer and motion to dismiss, but did not provide any argument, authority, or evidence to support an assertion the erection of a fence on private property constitutes a matter of public concern. There is no evidence to support Ostteen's naked assertion. We will not entertain it here.

–19–

public concern, as required by the statute. TEX. CIV. PRAC. & REM. CODE § 27.001(2). Further, Ostteen did not assert in her motion to dismiss or in her brief here that her right of association involved a "governmental proceeding."[3] Even considering that part of the statute, nothing in the petition or evidence supports any joining together of persons related to a "governmental proceeding." Holmes's petitions allege gatherings of people on or near the vacant lot, but there are no allegations these persons were gathering in relation to a "governmental proceeding." Similarly, nothing in Ostteen's declaration supports a gathering of people related to a "governmental proceeding." The only possible reference is Ostteen's statement her actions on September 6th "were in furtherance of an administrative legal proceeding." As we have discussed, though, the trial court struck this statement from Ostteen's declaration and we do not disturb that ruling. Even if we consider it, it does not tie any action by Ostteen to any other persons as related to a "governmental proceeding."

Again, we are required to read the pleadings in the light most favorable to Holmes, and we do not merely accept Ostteen's attempts to characterize the claims as related to the right of association. Upon review, Holmes's petitions do not support a conclusion his suit was in response to Ostteen's exercise of the right of association

---

[3] The TCPA defines "governmental proceeding" as "a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government." TEX. CIV. PRAC. & REM. CODE § 27.001(5).

as defined in the TCPA. Ostteen's evidence does not compel us to reach a different conclusion.

### 3) Right to petition

Ostteen also contends Holmes's suit was filed in response to Ostteen's exercise of the right to petition. We disagree.

The TCPA's definition of "exercise of the right to petition" is lengthy and complex. TEX. CIV. PRAC. & REM. CODE § 27.001(4). In her motion to dismiss, Ostteen asserted Holmes's suit was an attempt to prevent Ostteen from "participat[ing] in governmental and official proceedings—processes to protect the public's trees." On appeal, Ostteen contends her activities implicate the following provisions: 27.001(4)(A)(ii) (communications pertaining to an official proceeding to administer the law); 27.001(4)(B) (a communication in connection with an issue under consideration or review…in a governmental proceeding or official proceeding); 27.001(4)(C) (a communication reasonably likely to encourage consideration or review in a governmental proceeding or official proceeding); 27.001(4)(D) (communication reasonably likely to enlist public participation in an effort to effect consideration of an issue in a governmental proceeding or official proceeding); and 27.001(4)(E) (any other communication that falls within the protection of the right to petition government under the United States Constitution or the state constitution).

Again, the statute defines "governmental proceeding" as "a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government." Tex. Civ. Prac. & Rem. Code § 27.001(5). An "official proceeding" means "any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant." *Id.* § 27.001(8).

Here, Ostteen has not identified any ongoing or likely "official proceeding" or "governmental proceeding," other than to assert her contact with City of Dallas arborists qualifies. The trial court struck those portions of Ostteen's declaration concerning her alleged conversations with city arborists. What remains is Ostteen's statement that she called the arborist "to advise him of the illegal tree removal." We question whether Ostteen instituted a governmental or official proceeding or took action that would likely lead to such a proceeding.

Ostteen cites *California Com. Inv. Grp., Inc. v. Herrington*, No. 05-19-00805-CV, 2020 WL 3820907, at *4 (Tex. App.—Dallas July 8, 2020, no pet.) (mem. op.) in support. In *Herrington*, we acknowledged filing a police report may implicate a person's right to petition the government. *Id.* However, *Herrington* involved the filing of a police report related to a theft. Here, there is nothing to indicate Ostteen filed any police report for a crime. Instead, her declaration stated she called the police on September 6, 2023 simply because she "fear[ed] for her safety."

–22–

We neither find helpful Ostteen's reliance on *Enterprise Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 295-96 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The pleadings and evidence there indicated the defendants had applied for permits with the City of Sealy related to their construction plans and met with the city and plaintiffs regarding those plans. *Id.* The defendants' related communications regarding the permitting and construction were thus "in connection with an issue under consideration or review by a...governmental body or in another governmental or official proceeding," or were "reasonably likely to encourage consideration or review of an issue by a...governmental body or in another governmental or official proceeding." *Id.* And, the plaintiff's claims were directly based on plans that were reviewed in an official proceeding before the city. *Id.* Accordingly, the court concluded the communications implicated the exercise of the right to petition. *Id.*

While Ostteen asserted she contacted city personnel, there is no evidence of an actual official or governmental proceeding or that Ostteen's actions were likely to lead to such. Holmes on the other hand swore that, prior to the trees' removal, he had confirmed with code compliance they could be removed without permit. Holmes further averred he never received any citation, warning, or any other communication from city arborists after the removal of the trees. This undercuts Ostteen's position, and we conclude she failed to show, by a preponderance of the evidence, her actions implicated the right to petition.

However, even assuming Ostteen's contact with the city involved a governmental or official proceeding and the right to petition, she has not met her burden to establish a causal nexus between her actions and Holmes's suit. In order to trigger the TCPA's protection, the legal action must be "based on" or "in response to" the other party's exercise of the right of free speech, association, or to petition. TEX. CIV. PRAC. & REM. CODE § 27.003(a). In other words, the legal action must be factually predicated on conduct that falls within the TCPA's definition of exercise of the right of free speech, petition, or association, or another protected act." *Beach v. Becker*, No. 05-22-00224-CV, 2023 WL 2033779, at *2 (Tex. App.—Dallas Feb. 16, 2023, no pet.) (mem. op.). If this nexus is missing, then the statute does not apply. *Id.* The current version of the statute requires more than a tangential relationship between the alleged protected activity and the lawsuit. *See Shepard v. Voss*, No. 01-23-00515-CV, 2024 WL 748396, at *7 (Tex. App.—Houston [1st Dist.] Feb. 22, 2024, no pet.) (mem. op.). We view the pleadings in the light most favorable to the non-movant, favoring the conclusion that its claims are *not* predicated on protected expression. *Beach*, 2023 WL 2033779, at *2 (emphasis added).

Here, nothing in any of Holmes's petitions suggests his suit was based on or in response to any communications Ostteen may have had with the city. In fact, there are no statements in any of Holmes's petitions referencing any communication to

city arborists or the police by Ostteen.[4] Instead, Holmes's allegations and claims indicate his suit was based on or in response to Ostteen's trespassing, interference or harassment of Holmes's agents and contractors, and disparaging remarks about Holmes or the property allegedly made to locals or social media followers. And while Holmes's lawsuit followed shortly after the events of September 6th, 2023, to conclude the suit was in response to Ostteen's communications with the city is to engage in *post hoc ergo propter hoc* fallacy. *See Soo v. Pletta*, No. 05-20-00876-CV, 2022 WL 131045, at *8 (Tex. App.—Dallas Jan. 14, 2022, no pet.) (mem. op.). Even if Ostteen met her burden to show an exercise of the right to petition, she has not shown by a preponderance of the evidence Holmes's suit was based on or in response to those actions. *Soo*, 2022 WL 131045, at *7-8 (in dispute stemming from neighbor's conduct regarding a shed, a pipe, and a fence, although the neighbors made some communications to third parties such as the Coppell Police Department that related to the disagreement, the neighbors did not show the plaintiff's claims were based on or in response to those communications, so the nexus requirement was not satisfied).

## C.   Conclusion regarding application of the TCPA

Based on the foregoing, we conclude Holmes's suit was not based on or in response to Ostteen's exercise of the right of free speech, right of association, or

---

[4]   We also find it doubtful Holmes's suit was based on or in response to Ostteen's communication with the city, when Holmes's allegations and affidavit indicate he was already in communications with the city about improving the lot and removing trees to comply with city codes.

right to petition as defined in the TCPA. Accordingly, we overrule Ostteen's second issue.[5]

### III. Trial Court Did Not Abuse Its Discretion in Finding Ostteen's Motion Was Frivolous

In her third issue, Ostteen contends the trial court erred in concluding her motion was frivolous or brought for purposes of delay. We disagree.

The TCPA allows the trial court to award court costs and reasonable attorney's fees to the nonmovant if it finds that a motion to dismiss "is frivolous or solely intended to delay." TEX. CIV. PRAC. & REM. CODE § 27.009(b). An award under this section "is entirely discretionary and requires the trial court to find the motion was frivolous or solely intended to delay." *Lei v. Nat. Polymer Int'l Corp.*, 578 S.W.3d 706, 717 (Tex. App.—Dallas 2019, no pet.). "Frivolous" is not defined in the TCPA, but courts have noted it contemplates that "a claim or motion will be considered frivolous if it has no basis in law or fact and lacks a legal basis or legal merit." *Id.* (quoting *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied)). Furthermore, the cause of action alleged by the nonmovant is not determinative of whether a TCPA motion to dismiss has a basis in law. *Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 243 (Tex. App.—Eastland 2019, no pet.). Rather, prior to filing the motion to dismiss, the movant

---

[5] Because we conclude Holmes's suit was not based on or in response to Ostteen's exercise of the right of free speech, right of association, or right to petition, we need not address steps two and three of the TCPA analysis (whether Holmes established a prima facie case for his claims and whether Ostteen established a defense). *See* TEX. R. APP. P. 47.1.

must evaluate whether there is a legal basis to assert that the nonmovant's legal action is based on, related to, or in response to the movant's exercise of a right protected by the statute. *Id.* (citing TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), .005) This necessarily involves an analysis of the specific communications underlying the nonmovant's claims. *Id.*

Ostteen's motion to dismiss was included in her original answer. The motion consisted of five one-sentence paragraphs. Therein Ostteen tersely asserted Holmes's suit was an attempt to prevent her from exercising "her right of public participation to comment on a matter of public concern—the illegal destruction of the public's trees, to participate in governmental and official proceedings—processes to protect the public's trees, and to freely associate with neighbors who are also upset by Plaintiff's illegal actions." The motion contained no legal authority or analysis to explain why the TCPA applied to Holmes's claims. For example, Ostteen did not explain why tree removal on Holmes's property constituted a matter of public concern under the current version of the statute to support her assertion her actions involved the exercise of the right of free speech or association. Ostteen also failed to provide analysis of why Holmes's suit was based on or in response to Ostteen's alleged communications to the city, in support of her claimed right to petition, considering that Holmes's various petitions do not even reference Ostteen's purported communications.

Similarly, her eleventh-hour reply, even if considered, provided little substantive analysis of why Holmes's claims fell within the TCPA. The reply did not include any case law supporting Ostteen's assertions regarding the exercise of free speech, assembly, or the right to petition. Instead, the bulk of the reply merely asserted objections to Holmes's affidavit.[6]

The question of whether a TCPA motion is frivolous or solely intended to delay is entirely within the trial court's discretion. *See Lei*, 578 S.W.3d at 718. Based on our review of the record and the relevant legal principles, the trial court could have concluded Ostteen's motion lacked a factual or legal basis, or lacked legal merit. *See Caliber Oil & Gas*, 591 S.W.3d at 243-44 (upholding a frivolousness finding and sanction because the movant provided no evidence it had really evaluated the motion's merit before filing and included no substantive step-one analysis); *see also McCain v. Lanier*, No. 01-21-00679-CV, 2023 WL 5615811, at *5 (Tex. App.—Houston [1st Dist.] Aug. 31, 2023) (mem. op.) (appellant failed to preserve for error its TCPA arguments, where motion to dismiss identified no protected communications, provided no explanation for how plaintiff's conduct

---

[6] Ostteen contends the contents of the motion are not what the trial looks to in deciding if a motion is frivolous, citing *Jones v. Pierce*, No. 01-23-00187-CV, 2023 WL 7778583, at *6 (Tex. App.—Houston [1st Dist.] Nov. 16, 2023, no pet.) (mem. op.). We disagree *Jones* stands for such a proposition. The *Jones* court stated we look to the factual underpinnings of the case to decide whether the TCPA applies, not that we ignore the substance of the motion to determine whether it is frivolous. *Id.* Indeed, the *Jones* court mentioned the movant's meritless arguments as a reason to support the trial court's finding the motion was frivolous. *Id.* To adopt Ostteen's position would permit movants to file barebones motions to dismiss in hopes the trial court or appellate court will flesh out the issues and arguments. We decline to adopt such a procedure.

infringed on a protected right, and included no analysis of the applicability of the TCPA), *judgment vacated by agreement*, No. 24-0108, 2024 WL 2237732 (Tex. May 13, 2024). Under this record, we cannot conclude the trial court abused its discretion in concluding Ostteen's motion was frivolous.

While the trial court expressly found Ostteen's motion was both frivolous and solely intended to delay, only one basis is necessary to support an award of attorney's fees and costs. *Jones*, 2023 WL 7778583, at *5. Accordingly, we need not address whether Ostteen's motion was solely intended to delay. *See id.*; TEX. R. APP. P. 47.1. We overrule Ostteen's third issue.

## IV.   Attorney's Fees and Costs

In her fourth issue, Ostteen contends the trial court erred in awarding attorney's and costs against her. We conclude the trial court did not abuse its discretion in awarding attorney's fees and costs. However, we conclude the evidence does not support the fee award, and we remand for further proceedings.

If the trial court finds that a TCPA motion to dismiss is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party. TEX. CIV. PRAC. & REM. CODE § 27.009(b). An attorney's fees award under Section 27.009(b) is entirely discretionary. *Lei*, 578 S.W.3d at 717. We review the trial court's decision to award attorney's fees under the TCPA for an abuse of discretion. *Id.* at 712. We review the amount of fees for legal sufficiency of the evidence. *Id.*

–29–

As discussed above, the trial court could have concluded Ostteen's motion was frivolous. Accordingly, it was not an abuse of discretion to award attorney's fees and costs. *See id.*; TEX. CIV. PRAC. & REM. CODE § 27.009(b).[7]

Ostteen next asserts the amount of attorney's fees awarded were not supported by legally sufficient evidence. After reviewing the record, we agree.

A claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501–02 (Tex. 2019) (citations omitted). General, conclusory testimony devoid of any real substance will not support a fee award. *Id.* at 501. Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* at 502. Contemporaneous billing records are not required to prove the requested fees

---

[7]  Ostteen cites *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007) for the proposition the trial court was required to assess various factors before assessing sanctions, such Ostteen's relative culpability, her net worth, and the equities. However, *Low* involved sanctions under Chapter 10 of the Civil Practice and Remedies Code, and the penalties ordered by the trial court there were not based on expenses, attorney's fees, or court costs. In contrast, here the award under Section 27.009(b) was expressly for attorney's fees and costs. We do not find *Low* controlling or instructive here. And, the supreme court has held an award of attorney's fees under the TCPA does not include considerations of justice and equity. *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). Furthermore, Ostteen did not argue for the application of these standards at the trial court. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (to preserve issue for appellate review, including constitutional error, party must present to trial court timely request, motion, or objection, state specific grounds therefor, and obtain ruling).

are reasonable and necessary. *Id.* However, billing records are strongly encouraged to prove the reasonableness and necessity of requested fees when those elements are contested. *Id.* Regardless, the proof must be sufficient to permit a court "to perform a meaningful review of [the] fee application." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012).

Here, in support of his attorney fee request, Holmes submitted the affidavit of his attorney Andrea Seldowitz. Therein, Seldowitz states she believes attorney's fees of $17,262.50 and litigation-related expenses of $506.23 attributable to her firm's legal services were reasonable and necessary considering the relevant factors. However, Seldowitz provided no discussion or detail of the particular services performed, who performed those services, when the services were performed, the hours spent performing the services, or the hourly rate. Seldowitz provided some information as to a legal assistant who worked on the case and who performed 17.75 hours of work at $250 per hour "assisting me with discovery and motion practice." However, ultimately, Seldowitz's affidavit does not provide the detail necessary to support the fee award. Seldowitz did not submit any billing records in support of the fee request. While such records are not mandatory, they might have filled in the detail required to support the fee request.

Accordingly, we conclude Holmes presented legally insufficient evidence to support the requested fee award. *Rohrmoos Venture*, 578 S.W.3d at 501; *Ferrant v. Lewis Brisbois Bisgaard & Smith, L.L.P.*, No. 05-19-01552-CV, 2021 WL 2963748,

at *6 (Tex. App.—Dallas July 14, 2021, no pet.) (mem. op.) (law firm presented legally insufficient evidence to support fee award where firm offered no testimony or documentary evidence of the specific tasks performed by attorneys and staff or the amount of time spent on specific tasks).

When the record lacks the requisite details to support a requested fee award, the appropriate remedy is a remand for further proceedings on the attorney fee request. *Rohrmoos Venture*, 578 S.W.3d at 506; *In re S.W.*, No. 05-20-00582-CV, 2022 WL 2071110, at *3 (Tex. App.—Dallas June 9, 2022, no pet.) (mem. op.) (remanding to trial court for further proceedings on request for attorney's fees where attorney provided some evidence of hourly rates and hours worked on case, but did not provide sufficient evidence of the particular services performed, who performed the services, when the services were performed, and a reasonable amount of time required to perform the services); *Ferrant*, 2021 WL 2963748, at *6 (same). Accordingly, we remand to the trial court for a redetermination of Holmes's attorney's fees. *Rohrmoos Venture*, 578 S.W.3d at 506.

Ostteen also argues the affidavit attached to Holmes's response was not admitted into evidence and is thus legally insufficient. We note Ostteen did not object to the substance of Seldowitz's affidavit or the trial court's consideration of it when deciding attorney's fees issues. *See* TEX. R. APP. P. 33.1(a). Furthermore, we have previously held that an oral hearing is not mandated on a TCPA motion to dismiss because the current version of the TCPA contemplates summary judgment-

–32–

like evidence, such as affidavits. *Garcia v. Semler*, 663 S.W.3d 270, 276-78 (Tex. App.—Dallas 2022, no pet.). In *Garcia*, we did not decide whether the TCPA permits consideration of live testimony on attorney's fees. *Id.* at 277, n.4. Here, we need not decide whether affidavits in support of attorney's fees in a TCPA action must be admitted into evidence to support the award, because even if they are, remand for a redetermination of attorney's fees would be appropriate. *See Rohrmoos Venture*, 578 S.W.3d at 506 (remanding for further proceedings on the attorney fee request after determining requesting party failed to provide legally sufficient evidence to support the fees); *Smith v. Smith*, 757 S.W.2d 422, 426 (Tex. App.—Dallas 1988, writ denied) ("When a trial court grants an award of attorney's fees without any evidence in the record to support such an award, the proper action on appeal is to remand that part of the judgment awarding attorney's fees for a determination of the reasonableness of the amount of attorney's fees to be awarded.").

Ostteen also contends Seldowitz failed to segregate recoverable and non-recoverable fees. However, Ostteen did not object to any failure to segregate and has waived this complaint. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) ("[I]f no one objects to the fact that the attorney's fees are not segregated as to specific claims, then the objection is waived."); *Jones-Hospod v. Maples*, No. 03-20-00407-CV, 2021 WL 3883884, at *6 (Tex. App.—Austin Aug. 31, 2021, pet.

denied) (mem. op.) (party waived any complaint about the failure to segregate attorney's fees in TCPA case by failing to object to attorney's affidavit).

Ultimately, we conclude the trial court was within its discretion to award Holmes's attorney's fees and costs. However, Holmes presented insufficient evidence to support the attorney's fees awarded. Accordingly, we sustain Ostteen's fourth issue in part and remand to the trial court for a reconsideration of Holmes's attorney's fees.[8]

**CONCLUSION**

The trial court did not abuse its discretion in sustaining Holmes's objections to Ostteen's declaration. Similarly, the trial court did not abuse its discretion in striking Ostteen's late-filed reply and Ostteen's supplemental declaration. The trial court did not err in denying Ostteen's TCPA motion to dismiss. The pleadings and evidence do not support that Holmes's suit was based on or in response to Ostteen's exercise of the right of free speech, right of association, or right to petition. Further, the trial court did not abuse its discretion in concluding Ostteen's motion to dismiss was frivolous, or in awarding attorney's fees and costs as permitted by the TCPA. However, Holmes did not submit legally sufficient evidence to support the attorney's fees award. Accordingly, we reverse the trial court's attorney's fees award and

---

[8]    In Holmes's brief he moves this Court to dismiss the appeal based on Ostteen's failure to raise in the trial court many of the arguments she raised on appeal. Given our disposition, we deny as moot Holmes's motion to dismiss the appeal.

remand for a redetermination of the attorney's fees, consistent with this opinion. We otherwise affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
231150F.P05                         JUSTICE

–35–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAURA ELIZABETH OSTTEEN,
Appellant

No. 05-23-01150-CV      V.

JAMES ALLEN HOLMES, SR.,
Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-23-14702.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding Appellee's attorney's fees, and we **REMAND** this cause to the trial court for a redetermination of Appellee's attorney's fees, consistent with this opinion.

In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that Appellee JAMES ALLEN HOLMES, SR. recover his costs of this appeal from Appellant LAURA ELIZABETH OSTTEEN.

Judgment entered this 22nd day of August 2024.